UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Fabio Palazzolo )
        Plaintiff )
)
vs. ) CIVIL ACTION
) NO.
Kevin Hatt and
Green Growth Technologies, LLC. )
        Defendants )

## PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

Now comes the plaintiff, Fabio Palazzolo in the above-entitled action and says:

### JURISDICTION

This Court has Subject Matter Jurisdiction over this matter, pursuant to 28 U.S.C. 1332, as the plaintiff resides in Massachusetts and the defendants reside in New York State and Delaware respectively, and the amount in controversy exceeds $75000.00, exclusive of interest and costs.

### THE PARTIES

1. The plaintiff, Fabio Palazzolo, (hereinafter "Palazzolo") is a resident of the City of Gloucester, County of Essex, Commonwealth of Massachusetts.
2. The Defendant, Kevin Hatt, (hereinafter "Hatt") is an individual who resides in the State of New York.
3. The defendant Green Growth Technologies, LLC, (hereinafter "GGT") is a Delaware corporation with a principal place of business in Dover Delaware.

### FACTS

4. On or about April 5, 2020, Palazzolo entered into a contract with Hatt and GGT in which Palazzolo was to receive a sales commission of 5 cents per unit on all N95, KN95 and 3 ply breathing masks sold by Hatt and GGT, by virtue of sales arranged by Palazzolo (hereinafter "the contract"). A copy of the contract is attached and expressly incorporated herein as Exhibit A.
5. On April 6, 2020, the agreement described in the preceding paragraph was amended by Palazzolo, Hatt and GGT to increase Palazzolo's per unit commission to ten cents per unit.

(hereinafter "the amendment") A copy of the amendment is hereto attached and expressly incorporated herein as Exhibit B.

6. Palazzolo subsequently coordinated the sale of 2,500,000 (TWO AND ONE HALF MILLION) masks to Prem Pro LLC.
7. Hatt and GGT effectuated the sale of 2,500,000.00 (TWO AND ONE HALF MILLION) masks to Prem Pro LLC.
8. Under the terms of the contract between Hatt/GGT and Palazzolo, Palazzolo's commission of $250,000.00 was to be paid by Hatt/GGT within two (2) days of their receipt of monies derived from this sale.
9. Hatt/GGT never paid the commission of $250,000.00 to Palazzolo as required by the contract.

## COUNT I BREACH OF CONTRACT: HATT

10. The plaintiff restates by reference and incorporates herein paragraphs 1-9 of his complaint as if specifically set forth herein.
11. The plaintiff faithfully performed his obligations under the contract and the amendment.
12. The defendant breached his obligations under the contract and amendment by failing to make the commission payments due thereunder to the plaintiff.
13. As a result thereof the plaintiff suffered damages.

WHEREFORE, the plaintiff demands judgment against the defendant, Hatt in an amount to be determined by the court, together with interest and costs, as well as such further relief as the court deems just and proper.

## COUNT II BREACH OF CONTRACT: GGT

14. The plaintiff restates by reference and incorporates herein paragraphs 1-9 of his complaint as if specifically set forth herein.
15. The plaintiff faithfully performed his obligations under the contract and the amendment.
16. The defendant breached his obligations under the contract and amendment by failing to make the commission payments due thereunder to the plaintiff.
17. As a result thereof the plaintiff suffered damages.

WHEREFORE, the plaintiff demands judgment against the defendant, GGT in an amount to be determined by the court, together with interest and costs, as well as such further relief as the court deems just and proper.

### COUNT III UNJUST: ENRICHMENT HATT

18. The plaintiff restates by reference and incorporates herein paragraphs 1-9 of his complaint as if specifically set forth herein.
19. As a result of the conduct of Hatt in failing to pay the commission due Palazzolo, Hatt was unjustly enriched.
20. As a result of the conduct of Hatt in failing to pay the commission due Palazzolo, Palazzolo was financially injured.
21. It would be unjust to permit Hatt to retain the benefit without paying commensurate compensation to Palazzolo.

WHEREFORE, the plaintiff demands judgment against the defendant, Hatt in an amount to be determined by the court, together with interest and costs, as well as such further relief as the court deems just and proper.

### COUNT IV UNJUST ENRICHMENT: GGT

22. The plaintiff restates by reference and incorporates herein paragraphs 1-9 of his complaint as if specifically set forth herein.
23. As a result of the conduct of GGT in failing to pay the commission due Palazzolo, GGT was unjustly enriched.
24. As a result of the conduct of GGT in failing to pay the commission due Palazzolo, Palazzolo was financially injured.
25. It would be unjust to permit GGT to retain the benefit without paying commensurate compensation to Palazzolo.

WHEREFORE, the plaintiff demands judgment against the defendant, GGT in an amount to be determined by the court, together with interest and costs, as well as such further relief as the court deems just and proper.

### COUNT V FRAUD: HATT

26. The plaintiff restates by reference and incorporates herein paragraphs 1-9 of his complaint as if specifically set forth herein.
27. Hatt made a misrepresentation of material fact to Palazzolo, to wit that he would pay Palazzolo a commission.
28. At the time the misrepresentation was made, Hatt knew it to be false.

29. Palazzolo relied upon such misrepresentation.
30. Palazollo suffered damage as a result of such misrepresentation.

WHEREFORE, the plaintiff demands judgment against the defendant, Hatt in an amount to be determined by the court, together with interest and costs, as well as such further relief as the court deems just and proper.

### COUNT VI FRAUD: GGT

31. The plaintiff restates by reference and incorporates herein paragraphs 1-9 of his complaint as if specifically set forth herein.
32. GGT made a misrepresentation of material fact o Palazzolo, to wit that it would pay Palazzolo a commission.
33. At the time the misrepresentation was made, GGT knew it to be false.
34. Palazzolo relied upon such misrepresentation.
35. Palazollo suffered damage as a result of such misrepresentation.

WHEREFORE, the plaintiff demands judgment against the defendant, GGT in an amount to be determined by the court, together with interest and costs, as well as such further relief as the court deems just and proper.

### COUNT VII VIOLATION OF M.G.L.c. 93A, SECTION 11: HATT

36. The plaintiff restates by reference and incorporates herein paragraphs 1-9 of his complaint as if specifically set forth herein.
37. At all times relevant hereto, Hatt was a person engaged in business.
38. At all times relevant hereto, Palazzolo was a person engaged in business.
39. Hatt engaged in an unfair method of competition or unfair or deceptive act or practice by failing to pay Palazzolo the commissions due him under the contract and contract amendment.
40. Hatt failed to respond to a demand letter sent by Palazzolo to him. A copy of the subject demand letter is attached and expressly incorporated herein as Exhibit C.
41. The conduct of Hatt described herein constitutes a violation of M.G.L.c. 93A, Section 11.

WHEREFORE, the plaintiff demands judgment against the defendant, Hatt, for all damages due him, including treble damages, attorney's fees, interest and costs, as well as such further relief as the court deems just and proper.

### COUNT VIII VIOLATION OF M.G.L.c. 93A SECTION 11: GGT

42. The plaintiff restates by reference and incorporates herein paragraphs 1-9 of his complaint as if specifically set forth herein.
43. At all times relevant hereto, GGT was a legal entity engaged in business.
44. At all times relevant hereto, Palazzolo was a person engaged in business.
45. GGT engaged in an unfair method of competition or unfair or deceptive act or practice by failing to pay Palazzolo the commissions due him under the contract and contract amendment.
46. GGT failed to respond to a demand letter sent by Palazzolo to it. A copy of the subject demand letter is attached and expressly incorporated herein as Exhibit C.
47. The conduct of GGT described herein constitutes a violation of M.G.L.c. 93A, Section 11

WHEREFORE, the plaintiff demands judgment against the defendant, GGT, for all damages due him, including treble damages, attorney's fees, interest and costs, as well as such further relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Plaintiff,
By his attorney,

*/s/ Brian S. McCormick, Esq.*
BRIAN S. MCCORMICK, ESQ.
BBO #550533
Orlando & Associates
One Western Avenue
Gloucester, MA 01930
(978) 283-8100

Date: 10/26/2020